IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROSANNE KANNEG | : | |
|---|---|---|
| | : | Case No. 4:02-CV-1612 |
| Plaintiff, | : | |
| | : | |
| vs. | : | (Judge Jones) |
| | : | |
| JILL OLOM | : | (Magistrate Judge Mannion) |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### April 26, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion in Limine filed by the Defendant Jill Olom ("Olom" or "Defendant"). (Rec. Doc. 46). The Plaintiff, Rosanne Kanneg ("Kanneg" or "Plaintiff") has filed a timely response and the Motion is ripe for our review.[1]

For the foregoing reasons, we will grant the Defendant's Motion in part and deny it in part.

**DISCUSSION:**

Plaintiff's Motion seeks to exclude four different pieces of evidence. First

---

[1] We note that Plaintiff, formerly, Rosanne Stuber, has recently been married and her name has been changed in the caption to reflect that fact.

1

Defendant moves to exclude all evidence relating to the previously-dismissed 42 U.S.C. § 1983 claims against former Defendant Gary I. Shuey, Director of Cumberland County Children and Youth Services ("Shuey"). Second, Defendant seeks exclusion of evidence that one of Defendant's fact witnesses was allegedly abused as a child. Third, Defendant seeks to preclude Plaintiff from offering evidence of special damages. Fourth, Defendant seeks to preclude Plaintiff from offering evidence of any parental loss of consortium. We will address each part of Defendant's Motion in turn.

### A. Evidence Relating to § 1983 Supervisory Liability Claim

In our Order of April 12, 2004 we stated that "We do not ... equate a supervisor's failure to keep logs to a failure of a supervisor to oversee his subordinates" when we dismissed Plaintiff's respondeat superior claim against Shuey. (Rec. Doc. 41 at 14). Thus, the only remaining claims are those against Olom, the caseworker who entered the Plaintiff's home on April 17, 2002. Defendant now moves to preclude Plaintiff from offering evidence related to the dismissed supervisory liability claim. Defendant argues that it is no longer relevant pursuant to Federal Rules of Evidence 402 and 403, and specifically seeks to exclude in particular evidence that Shuey and the Defendant failed to follow regulations requiring a log book of Olom's activities. Rule 402 bars the admission

of irrelevant evidence, while Rule 403 bars admission of evidence when its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury..." Fed. R. Evid. 403; see also Fed. R. Evid 402.

Although Plaintiff does not respond to Defendant's Rule 403 argument, she does argue that this evidence is admissible pursuant to Rules 405 and 406 as evidence proving Defendant's character as well as habit. Rule 405 provides the allowable methods of proving the character of a witness, but the admissibility of this evidence is governed by Rule 404. See Rule 405 Advisory Committee Notes to 1972 Proposed Rules. Rule 404 outlines in some detail when this type of character evidence is admissible. Without an offer taken the context of the trial it is impossible for us to render a ruling which would prohibit the introduction of this evidence under any circumstances, which is what Defendant seeks. Accordingly, and with the caveat that we can envision few circumstances where it would be admissible, we will defer our ruling in this regard to the time of trial.

**B.    Evidence that a Witness was Subjected to Child Abuse**

Defendant next submits that one of her witnesses was a victim of child abuse when she was a child, and that evidence of this abuse is inadmissible at trial because it is not relevant and likely prejudicial to the jury and would needlessly

3

embarrass the witness. Defendant further argues that this evidence is irrelevant because when Olom was in the home of the Plaintiff on April 17, 2002, she did not know of the existence of this evidence and thus could not have used it in making her decisions that night. In response, Plaintiff argues that this evidence is "paramount in this case as it would show whether or not Edward [the Plaintiff's son] was 'forcibly removed' from te home of [Plaintiff]." (Pl. Br. Opp. at 4).

Applying the Rule 403 balancing test, we find this evidence to be far more prejudicial than relevant. See United States v. Cruz, 326 F.3d 392, 396 (3d Cir. 2003)(we must be "very careful in assuring that the possibility of any unfair prejudice [i]s minimized"). Moreover, we cannot discern how the evidence would aid the jury. In particular, as it relates to a determination of Olom's culpability, we note that it is not disputed that Olom was unaware of this abuse at the time she removed Plaintiff's child from her home. Finally, we believe that this evidence would be highly embarrassing to the witness. See United States v. Frazer, 678 F.Supp. 499, 505-06 (E.D. Pa.. 1986)("prior sexual incidents and the mother's alleged child abuse raised collateral issues and would have produced confusion, such that, even if relevant, the evidence was excludable under Rule 403."). Therefore we will grant Defendant's Motion to the extent that evidence of prior child abuse of the defense fact witness is ruled inadmissible at trial.

C.   **Evidence of Special Damages**

Next, Defendant seeks to exclude the presentation of any evidence of economic or special damages by Plaintiff. In support, Defendant notes that Plaintiff has not submitted any report, expert or otherwise, establishing Plaintiff's "claims for future loss of income and/or diminished earning capacity." (Def. Reply Br. at 5). The Plaintiff concedes that "she can not present any real evidence as to her psychological state ... because she does not have any expert testimony to show how her mental state deteriorated." (Pl. Br. Opp. Def's. Mot. Limine at 4). Instead, the Plaintiff seeks to offer evidence of how she was "'Blackballed' by her friends and former employment agency workers'" who made it impossible for her to find work. Id.

It has long been held that "when a party fails to provide the district court with the essential data necessary to calculate a reasonably certain front pay award, the court may deny the front pay request." McKnight v. General Motors Corp., 973 F.2d 1366, 1372 (7th Cir. 1992); see also 22 Am. Jurisprudence 2d, Damages §§ 298, 356 (damages for impairment of earning capacity cannot be recovered in a personal injury action where there is no evidence of such impairment or no evidence from which damages therefor can be calculated).

In Benjamin v. Peter Farm Condominium Owners Assoc., the plaintiff put

forth at trial a ballpark figure, $10,000, of his economic damages. 820 F.2d 640 (3d Cir. 1987). The court found this evidence insufficient to prove the plaintiff's future earnings loss and explained that it "required more than speculative opinion when determining damages for prospective earnings loss." Id. at 642. In stating that the Benjamin plaintiff had failed to satisfy the requirements of proving economic damages, the court noted what other courts found to be sufficient evidence. For example, in Walker v. Mintec/International, the Third Circuit:

> found that there was sufficient support in the record to permit a jury finding of plaintiff's diminished earning capacity[ when t]estimony at trial included two of plaintiff's former supervisors who testified about his work performance; a vocational rehabilitation expert who testified about plaintiff's post-injury earning capacity; and an economist who utilized the vocational expert's testimony to calculate the lifetime value of plaintiff's lost earning capacity.

758 F.2d 73, 79-80 (3d Cir. 1985). Similarly, in Dudley v. South Jersey Metal, Inc., the Third Circuit found that a plaintiff's evidence of "future economic loss was projected through a vocational guidance expert who determined post-injury earning capacity, in conjunction with an actuary who determined the present value of the future earning capacity loss based on work expectancy" was sufficient. 555 F.2d 96, 101-02 (3d Cir. 1977).

Here, we only have Plaintiff's own "speculative opinion" regarding her future economic loss. Benjamin, 820 F.2d at 642. As such, we cannot allow her

to present this testimony, as it falls below the requirements previously announced in the Third Circuit. See Elcock v. Kmart Corp., 233 F.3d 734, 754 (3d Cir. 2000)(holding that not only is expert testimony required, but that any expert testimony must be grounded in fact).[2]

### D.   Evidence of Loss of Parental Consortium

Finally, Defendant argues that the Plaintiff should not be allowed to present evidence at trial of loss of parental consortium. Recently, the Supreme Court of Pennsylvania reiterated its longstanding holding that parents cannot bring loss of consortium claims in this state:

> Damages for loss of consortium are available only to spouses, and do not include a parent's loss of society and companionship of her child. See Cleveland v. Johns-Manville Corp., 547 Pa. 402, 690 A.2d 1146, 1149 (1997) (claim for loss of consortium arises from marital relationship); Quinn v. Pittsburgh, 243 Pa. 521, 90 A. 353, 354 (1914) (only spouse may recover for loss of companionship).

Department of Public Welfare v. Schultz, 855 A.2d 753, 755 (Pa. 2004). To refute this clear holding, the Plaintiff cites us only to cases from other jurisdictions which are not relevant to our determination here, as we must apply Pennsylvania law. See Fenslage v. Dawkins, 629 F.2d 1107 (5th Cir. 1980) and Lloyd v.

---

[2] Plaintiff's citation to Commonwealth ex. rel. Sorace v. Sorace, 344 A.2d 553 (Pa. 1975) is irrelevant with respect to economic damages. Insofar the Pennsylvania Supreme Court highlighted the importance of a parent's rights vis-a-vis her or her own child, we do not disagree. However, we fail to see the relationship of this holding to Defendant's Motion.

Loeffler, 518 F.Supp. 720 (E.D. Wis. 1981). Therefore, we will grant Defendant's Motion in Limine insofar as the Plaintiff will be precluded from presenting evidence of Plaintiff's loss of parental consortium.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion in Limine (Rec. Doc. 46) is GRANTED to the extend that Plaintiff is precluded from offering at trial evidence of:

    (a) the earlier child abuse of a now adult fact witness; and

    (b) Plaintiff's special economic damages; and

    (c) Plaintiff's loss of parental consortium.

2. Defendant's Motion in Limine (Rec. Doc. 46) is DENIED to the extent that we will defer until trial a determination as to whether evidence relating to the previously dismissed § 1983 supervisory liability claim against Gary I. Shuey is admissible.

3. The Clerk shall correct the caption of the case so that it reflects the change of Plaintiff's last name from Stuber to Kanneg and the proper spelling of Defendant's last name, which is Olom.

John E. Jones III
United States District Judge